OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
We have recently described the manner in which challenges to arbitration under agreements authorized by the Taylor Law (Civil Service Law, art 14) are to be resolved (Matter of Acting Superintendent of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509). Following that course we conclude that the application of the board of education to stay arbitration in this case was properly denied.
First, we reject as wholly without merit the contention of *892 the board that it was foreclosed from submitting to arbitration any claim arising out of discontinuance of the school district’s prior practice of granting free tuition to the children of teachers in the school system who lived outside the school district, on the ground that that practice had been unconstitutional. There is no substance to the assertion that such practice was invalid as a denial of equal protection of the laws; there was a rational basis, despite the existence of grounds for disagreement with the wisdom of the practice, for treating children of nonresident teachers in the school system differently from the children of other nonresidents. Hence the subject matter of the controversy, involving lawful terms and conditions of employment, was within the permissible scope of arbitration under the Taylor Law.
Second, the particular arbitration agreement was a broad agreement extending to "any claimed violation, misinterpretation or inequitable application of the existing Professional Agreement”, and the union bases its claim on a provision of that agreement that "[a]ny District policies unaltered or unchanged by the language of this Agreement shall remain in force”. Accordingly we conclude that the authority granted the board under the Taylor Law was exercised in this instance and that the parties did agree by the terms of this particular arbitration clause to refer their differences in the specific area of this controversy to the arbitration forum.
This ends the judicial inquiry; resolution of the merits of the controversy must be left to arbitration (CPLR 7501).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.